Parness, P. J.
(dissenting). I would affirm the order of dismissal because tenant’s alleged violation of the lease provision at issue does not provide any basis for a possessory proceeding. *606 Section 235-f of the Real Property Law does not create “an affirmative right of action for landlords to enforce occupancy limitations” (Capital Holding Co. v Stavrolakes, 242 AD2d 240, 243, affd 92 NY2d 1009). Therefore, merely stating in the lease that the premises may be occupied “only in accordance with Real Property Law §235-f’ adds nothing since the statute is permissive, not restrictive, and is targeted against landlords who would otherwise impose undue occupancy limitations (Capital Holding Co. v Stavrolakes, supra, at 243). While Capital Holding allows for the setting of reasonable occupancy restrictions in leases, this lease did not clearly and unambiguously set forth any such restriction, “reasonable” or otherwise. Moreover, there is no suggestion that three roommates would be unreasonable in this four-bedroom apartment.
McCooe and Gangel-Jacob, JJ., concur; Parness, P. J., dissents in a separate memorandum.